UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA
    -v-

ARKADY SHEF

----------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-334 (ARR)
ALBERT Y. DAYAN, ESQ
68-60 AUSTIN STREET, SUITE 302
KEW GARDENS, NEW YORK 11415
Defendant's Attorney & Address

THE DEFENDANT:
XXX  pleaded guilty to count two of the indictment.
___  was found guilty on counts          after a plea of not guilty.
Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 669 | EMBEZZLEMENT IN CONNECTION WITH HEALTH CARE. | TWO (2) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)      and is discharged as to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Date of Birth 11/8/73

Defendant's Mailing Address:

185 DOVER STREET

BROOKLYN, NEW YORK 11235

Defendant's Residence Address:

( SAME AS ABOVE )

MAY 27, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

MAY 27, 2005
Date

A TRUE COPY ATTEST
Date:_____

ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

Defendant: ARKADY SHEF
Case Number: CR-03-334(ARR)

Judgment - Page       of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty one (21) months.

**XXX** The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED AT A FACILITY NEAR THE NEW YORK REGION.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

**XXX** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    **XXX** before 12:00 noon on __7/11/05__.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIAPTE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM APPROVED BY THE PROBATION DEPARTMENT. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

3) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

4) DEFT SHALL NOT POSSESS ANY FIREARMS.
___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: **ARKADY SHEF**  Judgment - Page of
Case Number: CR-03-334(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: **ARKADY SHEF**  Judgment - Page    of
Case Number: CR-03-334(ARR)

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00    , consisting of a fine of $   N/A    and a special assessment of $ 100.00           .

___  These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

<u>XXX</u>  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

3       THE COURT: All right. Well, I mean, let me simply
4   start by recapping that I do agree that the guidelines,
5   strict application of the guidelines is 30 to 37 months.
6   Looking to the statutory factors there are circumstances in
7   this case that I think support the conclusion that the goals
8   of sentencing are satisfied by a moderate reduction in that
9   prison term. Although the government is correct regarding
10  strict application of the guidelines in connection with the
11  computation of Mr. Shef's criminal history category, it does
12  seem that the shoplifting offense for which the defendant was
13  convicted in 2001 and for which he served five days in prison
14  is a criminal history more akin to defendant's criminal
15  history category one than criminal history category two. I'm
16  not doing this as a guidelines analysis. I'm simply doing it
17  as a statutory analysis.
18      Further, while the guidelines were calculated based
19  on intended loss resulting in a 16 level loss enhancement, it
20  is nonetheless true that Mr. Shef ultimately did not profit
21  from the scheme at all, nor did the victim turn out to suffer
22  any loss.
23      I also note that during the more than two-year period
24  while Mr. Shef awaited sentence, he did all he was able to do
25  to conduct himself in an upstanding manner and I think he no

1  doubt suffered as a result of the lengthy delay prior to
2  sentence. Nonetheless, I agree with the government this is a
3  serious crime and it merits a serious sentence. I believe
4  that a sentence of 21 months imprisonment reflects the
5  seriousness of the offense and amply satisfies the goals of
6  deterrence and protection of society and I therefore sentence
7  Mr. Shef to the custody of the Attorney General for a period
8  of 21 months to be followed by a three-year period of
9  supervised release with special conditions requiring any
10 substance abuse or mental health treatment selected by the
11 Probation Department which may include inpatient or
12 residential, and the defendant shall contribute to the cost of
13 services by co-payment or full payment in an amount to be
14 determined by the Probation Department based on his ability to
15 pay and/or the availability for third-party payment.
16     Let me also note that as I understand it this is
17 something else that Mr. Shef has actually accomplished during
18 the period of -- that he has been awaiting sentence. It seems
19 that he did have a fairly serious alcohol problem and may have
20 had a drug problem and it does sound from what I have read
21 that is something that he has actually accomplished, he's off
22 alcohol and has not taken any drugs, so perhaps that's
23 something else that mitigates somewhat --
24     MR. DAYAN: Thank you.
25     THE COURT: -- in his favor.